UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE HILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-CV-1660 PLC |
| | ) |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's post-trial request to reduce the amount of damages the jury awarded to Plaintiff by $25,000. [ECF No. 60] In addition, Plaintiff seeks an award of costs. [ECF No. 61]

Plaintiff filed suit against Defendant, her insurer, to recover damages under the underinsured motorist provision of her policy. Prior to filing suit, it is undisputed that Plaintiff received $25,000 in compensation from the at-fault driver's insurance company.

The Court conducted a two-day trial solely on the issue of damages, and the jury returned a verdict for Plaintiff in the amount of $200,000. After trial, the Court instructed the parties to brief the propriety of a Court reduction of the verdict by $25,000, the amount that Plaintiff recovered from the at-fault driver's insurance company.

Defendant submitted a post-trial brief asserting that, under the terms of Plaintiff's policy, the Court must reduce the verdict by the amount Plaintiff received in settlement from the at-fault driver.  [ECF No. 60]  Plaintiff did not respond to Defendant's post-trial briefing.

Plaintiff filed a "Motion for Bill of Costs" [ECF No. 61], bill of costs [ECF No. 62], and

1

supplemental bill of costs [ECF No. 64].  Defendant filed objections.  [ECF No. 67]

**A.  Judgment**

Defendant asserts that, based on the policy language in the relevant insurance policy, the Court must deduct $25,000 from the verdict Plaintiff received from the at-fault driver's insurance company.  According to Defendant, the policy provides: "We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle."[1]  [ECF No. 60]

In support of its position that the Court must deduct $25,000 from the $200,000 verdict, Defendant cites Wendt v. Gen. Acc. Ins. Co., 895 S.W.2d 210 (Mo. App. 1995).  There, the plaintiff claimed that the trial court erred in reducing his verdict against the defendant insurance company by the $50,000 already paid to him by the underinsured motorist's insurance company. Id. at 213.  The plaintiff's insurance policy provided:  "We will pay damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury (1) [s]ustained by a covered person; and (2) [c]aused by an accident[.]" Id. at 217.  The Missouri Court of Appeals reasoned that the plaintiff was not "legally entitled to recover" amounts already received and affirmed the trial court's judgment reducing the verdict by $50,000.  Id.

Like the policy in Wendt, the relevant policy here limits the damages Defendant will pay to the amount Plaintiff is "legally entitled to recover."  The jury found that Plaintiff's damages were $200,000. Because Plaintiff received $25,000 from the at-fault driver's insurance company. Plaintiff is not legally entitled to recover $25,000 from her own insurance company. "[I]t would

---

[1] The insurance policy is not in the record before the Court, however, Plaintiff has not disputed that the relevant quoted language is accurate and applicable.

be improper to award [Plaintiff] an amount from [Defendant] which [s]he is no longer entitled to recover from" the at-fault driver.  Wendt, 895 S.W.2d at 217.  See also Keck v. Am. Fam. Mut. Ins. Co., 299 S.W.3d 63, 68 (Mo. App. 2009 ) ("The trial court erred when it failed to reduce the amount of recoverable damages by the amount the insured received from the tortfeasor's insurance carrier.").

Therefore, Plaintiff's award for damages against Defendant is reduced by the $25,000 paid to Plaintiff by the at-fault driver's insurance company.  The Court will enter judgment for Plaintiff in the amount of $175,000.00.

**B.  Fees Requested**

Plaintiff filed a "Motion for Costs" requesting $4,293.07 in costs and attached a list of expenses.  [ECF Nos. 61 & 61-1]  The following day, Plaintiff filed a verified bill of costs as required by Local Rule 8.03, but failed to include supporting documentation.[2]  [ECF No. 62]

Defendant filed objections [ECF No. 63], and Plaintiff filed a supplemental bill of costs [ECF No. 64].  The supplemental bill of costs is identical to the previously filed bill of costs, except that Plaintiff attached invoices for mediation and deposition transcripts and recordings.  Defendant filed supplemental objections, arguing that certain fees charged either are not taxable under 28 U.S.C. § 1920 or are not properly supported by documentation.

"Rule 54(d) of the Federal Rules of Civil Procedure allows district courts to tax costs in favor of a prevailing party, and Title 28 U.S.C. § 1920 defines the expenses that may be taxed as costs pursuant to that rule."  Stanley v. Cottrell, Inc., 784 F.3d 454, 464 (8th Cir. 2015).  Under section 1920, a court "may tax as costs":  (1) fees of the clerk and marshal; (2) "fees for printed or

---

[2] The bill of costs form prescribed by the Clerk (AO-0133) states:  "SPECIAL NOTE:  Attach to your bill an itemization and documentation for requested costs in all categories."  [See ECF No. 62 (emphasis in original)]

electronically recorded transcripts necessarily obtained for use in the case"; (3) fees and disbursements for printing and witnesses; (4) fees for copies of necessary papers; (5) docket fees; and (6) compensation of court appointed experts and interpreters.  28 U.S.C. § 1920(1)-(6).  A court may not award costs other than those authorized by section 1920, because the statute "imposes rigid controls on cost-shifting in federal courts[.]"  Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotations omitted).

"A prevailing party is presumptively entitled to recover all of its costs."  Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006) (quotation omitted).  "However, upon objection by the opposing party, [a court] may exercise its discretion to grant or deny costs."  Fluor Corp. v. Zurich Am. Ins. Co., No. 4:16-CV-429 ERW, 2022 WL 1185177, at *3 (E.D. Mo. Apr. 21, 2022) (citing Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 140 (8th Cir. 1987)).  See also Stanley, 784 F.3d at 464 ("District courts have 'substantial discretion' in awarding costs under Rule 54(d).").

　　　　1.　Deposition of Dr. Stewart

Plaintiff seeks to tax Defendant $665.75 for costs associated with the deposition of Dr. Julie Stewart.  The attached invoice includes the costs of the deposition transcript and video deposition, as well as a "Sync Charge" and archive fee.  [ECF No. 64-3]

Defendant contends that Plaintiff cannot obtain fees for both printed and electronically recorded versions of transcripts because 28 U.S.C. § 1920(2) only permits "[f]ees for printed *or* electronically recorded transcripts necessarily obtained in this case." (emphasis added).  However, the Eighth Circuit has held that section 1920(2) "permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case."  Stanley, 784 F.3d at 467.  Defendant does not challenge the necessity

of stenographic transcription and video recording of Dr. Stewart's deposition. The Court therefore taxes both costs against Defendant.

Defendant further objects to the $10.00 archive fee included in the invoice for Dr. Stewart's deposition. "[A]rchiving expenses are not recoverable under 28 U.S.C. § 1920." Bohner v. Union Pac. R.R. Co., No. 4:19-CV-2581 SEP, 2022 WL 970872, at *4 (E.D. Mo. Mar. 31, 2022) (quoting Morgan v. Orthopaedic Assocs. of Se. Mo., P.C., No. 1:12-CV-136 CEJ, 2014 WL 3687120, at *2 (E.D. Mo. July 24, 2014)). See also Steak N Shake, Inc. v. White, No. 4:18-CV-72 SRC, 2021 WL 4847954, at *2 (E.D. Mo. Oct. 18, 2021). Accordingly, the Court disallows those costs and reduces the amount taxed by $10.00.

Finally, Defendant objects to the $50.00 "Sync Charge," arguing that synchronization charges for video depositions are not taxable under 28 U.S.C. § 1920. As previously discussed, section 1920(2) allows a court to tax fees for printed or electronically recorded transcripts "necessarily obtained for use in the case." Deposition fees "'incurred for the convenience of counsel and not necessarily obtained for use in the case' are not taxable." Steak N Shake, Inc., 2021 WL 4847954, at *2 (quoting Am. Modern Home Ins. Co. v. Thomas, No. 4:16-CV-215 CDP, 2019 WL 3974351, at * 2 (E.D. Mo. Aug. 22, 2019)); see also Bohner, 2022 WL 970872, at *6. "This district has held that synchronization of written and video deposition transcripts constitutes a convenience fee, not a fee for the transcript itself." Id. (collecting cases). The Court therefore disallows the $50.00 sync charge.

In summary, the Court deducts $60.00 ($10.00 archive fee + $50.00 sync charge) from the requested costs. The Court taxes Defendant $605.75 as costs associated with Dr. Stewart's deposition.

    2. Deposition of Dr. Eric Nepute

5

Plaintiff seeks to tax Defendant $562.75 for costs associated with the deposition of Dr. Eric Nepute. The attached invoice includes the costs of the deposition transcript, video deposition, and an archive fee. [ECF No. 64-2] Plaintiff submitted a separate invoice for a "Sync Charge" for Dr. Nepute's video deposition in the amount of $60.00. [ECF No. 64-4]

Defendant contends that Plaintiff cannot obtain fees for both printed and electronically recorded versions of transcripts because 28 U.S.C. § 1920(2) only permits "[f]ees for printed *or* electronically recorded transcripts necessarily obtained in this case." (emphasis added). However, the Eighth Circuit has held that section 1920(2) "permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case." Stanley., 784 F.3d at 467. Defendant does not challenge the necessity of stenographic transcription and video recording of Dr. Nepute's deposition. The Court therefore taxes both costs against Defendant.

Defendant further objects to the $10.00 archive fee included in the invoice for Dr. Nepute's deposition. "[A]rchiving expenses are not recoverable under 28 U.S.C. § 1920." Bohner, 2022 WL 970872, at *4 (E.D. Mo. Mar. 31, 2022) (quoting Morgan, 2014 WL 3687120, at *2). See also Steak N Shake, Inc., 2021 WL 4847954, at *2. Accordingly, the Court reduces the amount taxed by $10.

Finally, Defendant objects to the $60.00 "Sync Charge," arguing that synchronization charges for video depositions are not taxable under 28 U.S.C. § 1920. As previously discussed, section 1920(2) allows a court to tax fees for printed or electronically recorded transcripts "necessarily obtained for use in the case." Deposition fees "'incurred for the convenience of counsel and not necessarily obtained for use in the case' are not taxable." Steak N Shake, Inc., 2021 WL 4847954, at *2 (quoting Am. Modern Home Ins. Co., 2019 WL 3974351, at * 2); see

6

also Bohner, 2022 WL 970872, at *6. "This district has held that synchronization of written and video deposition transcripts constitutes a convenience fee, not a fee for the transcript itself." Id. (collecting cases). The Court therefore denies the $60.00 sync charge

In summary, the Court deducts $70.00 ($10.00 archive fee + $50.00 sync charge) from the requested costs. The Court taxes Defendant $552.75 as costs associated with Dr. Nepute's deposition.

   3. "Non-Expert Deposition Fee" for Dr. Stewart

Defendant objects to Plaintiff's inclusion of costs for a "Non-Expert Deposition Fee – Dr. Stewart" in the amount of $2,000. This cost appeared in the list of expenses Plaintiff submitted with her original "Motion for Costs." [ECF No. 61-1] Because Plaintiff did not include this cost in the supplemental bill of costs [ECF No. 64], the Court considers it waived.

Plaintiff lists a $40.00 statutory witness fee for Dr. Stewart in the supplemental bill of costs. [ECF No. 64] Defendant states that it "has no objection to the $40.00 cost." [ECF No. 67] The Court taxes Defendant $40.00 for Dr. Stewart's appearance.

   4. Mediation Costs

In the supplemental bill of costs, Plaintiff listed $516.59 as "Other costs"[3] and submitted two invoices for mediation totaling the same amount. [ECF Nos. 64, 64-1 & 64-5] The Eighth Circuit has held that a mediator's fees do not constitute an item of taxable cost under 28 U.S.C. § 1920. Brisco–Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002). The Court will therefore disallow $516.59 for mediation costs.

   5. Deposition Costs of Plaintiff

---

[3] The bill of costs form states: "Other costs *(please itemize).*" [ECF No. 64 (emphasis in original)] Plaintiff did not itemize the costs.

7

The list of expenses that Plaintiff submitted with her "Motion for Costs" reflects $240.00 for "Deposition Costs – Antoinette Hilson." [ECF No. 61-1]   However, Plaintiff did not provide an invoice associated with her deposition.  Defendant objects on the grounds that Plaintiff does not support this cost with documentation.  Without any supporting documentation, the Court is unable to meaningfully evaluate Plaintiff's request.  The Court disallows $240.00 for costs associated with Plaintiff's deposition.

6. Special Process Server

In the list of expenses Plaintiff submitted with her "Motion for Costs," Plaintiff included $200 for "Special Process Server – Hurt Investigations." [ECF No. 61-1]  The Eighth Circuit has held that, under 28 U.S.C. § 1920, a party may not recover the costs of using a special process server.  Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985).  The Court therefore denies Plaintiff's request for $200.00 associated with special process service.

7. "Fees of the Clerk" or "E-Filing"

In the supplemental bill of costs, Plaintiff includes a $107.98 for "Fees of the Clerk." [ECF No. 64]  Plaintiff's only documentation supporting this cost is the list of expenses attached to the Motion for Costs, which states "EFILING  $107.98." [ECF No. 61-1]  The Court finds no docket entry or receipt supporting the requested fee.  Accordingly, Plaintiff may not recover $107.98 for Fees of the Clerk or e-filing.

**C. Conclusion**

**IT IS HEREBY ORDERED** that the jury's award of damages is reduced by the $25,000 paid to Plaintiff by the at-fault driver's insurance company and that Plaintiff shall have judgment on her complaint against Defendant in the amount of $175,000.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Costs" [ECF No. 61] is

**GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant shall be taxed in the total amount of $1,198.50, representing: (a) $605.75 in fees for Dr. Stewart's printed and electronically-recorded deposition transcript; (b) $552.75 in fees for Dr. Nepute's printed and electronically-recorded deposition transcript; and (c) $40.00 in witness fees.

A separate Judgment will be entered this same day in accordance with this Memorandum and Opinion.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of June, 2022